[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JANUARY 14, 2010
JOHN LEY
ACTING CLERK

No. 08-16512
Non-Argument Calendar
_____

D. C. Docket No. 08-00376-CV-4-RH-WCS

MARVIN C. GILL,

                                                      Plaintiff-Appellant,

versus

BILL MCCOLLUM,
In his capacity as Attorney
General State of Florida,
CARYL SUE KILINSKI,
In her capacity as assistant
Attorney General,

                                                      Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(January 14, 2010)

Before EDMONDSON, HULL and FAY, Circuit Judges.

PER CURIAM:

Plaintiff sued Defendants under 42 U.S.C. § 1983 for cruel and unusual punishment. After a tentative agreement to settle the claim fell apart, Plaintiff filed a complaint alleging tortious interference with an oral contract. The District Court dismissed the complaint for lack of jurisdiction, and Plaintiff appeals the dismissal pro-se. We see no reversible error; we affirm.

We review a district court's dismissal for lack of jurisdiction de novo. Samco Global Arms v. Arita, 395 F.3d 1212, 1214 n.4 (11th Cir. 2005).

Plaintiff filed a section 1983 suit against his prison guards, and the Florida Attorney General interceded. The District Court ordered the parties to enter mediation after it denied Defendants' summary judgment motion. The parties agreed to settle the lawsuit, but the precise terms of the settlement were not properly recorded. The Plaintiff moved to dismiss his lawsuit before the settlement was finalized. The District Court agreed to the dismissal and gave the parties 60 days to reinstate the case if the settlement did not work out.

After the 60-day period had lapsed, Plaintiff attempted to reinstate the case. The District Court dismissed the complaint, and Plaintiff filed this suit -- claiming tortious interference with an oral contract -- against Defendants for their alleged role in the failure of the settlement agreement.

Both parties reside in the state of Florida. Plaintiff concedes a lack of diversity and rests his jurisdictional argument on a question of federal law. Plaintiff contends that he presented a federal question under three theories, any one of which is sufficient to grant the District Court jurisdiction: (1) Ex Parte Young, (2) a well-pleaded complaint under 28 U.S.C. § 1331, and (3) the same case or controversy under 28 U.S.C. § 1367(a).

Plaintiff seeks enforcement of the settlement agreement. Unless the District Court reserves jurisdiction to enforce the settlement agreement, enforcement requires its own basis for jurisdiction because it is more than just a continuation or renewal of a dismissed suit. Kokkonen v. Guardian Life Ins. Co. of America, 114 S. Ct. 1673, 1675 (1994).

> The short of the matter is this: The suit involves a claim for breach of contract, part of the consideration for which was dismissal of an earlier federal suit. No federal statute makes that connection (if it constitutionally could) the basis for federal-court jurisdiction over the contract dispute. The facts to be determined with regard to such alleged breaches of contract are quite separate from the facts to be determined in the principal suit, and automatic jurisdiction over such contracts is in no way essential to the conduct of federal-court business.

Id. at 1677.

Plaintiff contends that he has a federal right to damages under his section 1983 suit and that Defendants' conduct has prevented him from exercising this right. Plaintiff's Ex Parte Young and well-pleaded complaint theories both rely on Plaintiff's alleged right to damages under section 1983 and the Defendants' past conduct in preventing Plaintiff from exercising this right. Neither we nor the District Court can rule on whether Defendant has a right to damages under section 1983 in the context of this case. And because the District Court could not reach the merits of the supposed federal question at issue between the two parties, there is no federal question jurisdiction for this case under Plaintiff's first two theories.

Plaintiff's third alleged federal jurisdiction basis relies on supplemental jurisdiction. Plaintiff contends that the facts alleged in his section 1983 suit "forms the very 'nucleus of operative facts' that brings this case into controversy under Article III." The facts central to the section 1983 suit are not related to this case. Plaintiff traded his section 1983 suit for monetary consideration. In general, a court need not determine the value of Plaintiff's consideration -- the probability that he will win his section 1983 suit -- to rule on the merits of Plaintiff's claims in a contract case.

Because the facts required to determine Plaintiff's state-law tort (or state-law contract claim) are quite separate from the facts at issue in his original 1983 claim,

no jurisdiction exists for a federal court to rule on the state-law claims. For this reason, the District Court did not err when it dismissed the suit for lack of jurisdiction.

AFFIRMED.