[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-12303
Non-Argument Calendar
_____

D.C. Docket No. 5:99-cv-00119-LC-WCS

MARVIN C. GILL,

Plaintiff-Appellant,

versus

SGT. DAVID WELLS,
SGT. HOWELL,
JEFFRY D. PIPPIN,
CO REYNOLDS,
SUPT. H. ALFORD, et al.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Florida
_____

(April 16, 2015)

Before TJOFLAT, HULL and WILSON, Circuit Judges.

PER CURIAM:

In this 42 U.S.C. § 1983 action, Plaintiff Marvin Gill, pro se, appeals the district court's order refusing to allow him to file his 2014 motion for relief from the 2004 judgment. After review, we affirm.

## I. FACTS

In 1999, Plaintiff Gill, a Florida prisoner, brought a § 1983 action against six state prison officials, alleging, inter alia, claims of excessive force. After the district court denied the Defendants' motion for summary judgment on Gill's excessive force claims, Gill retained counsel. Shortly before trial, the parties entered into settlement negotiations and reached a verbal agreement to settle.

On June 2, 2004, the Defendants' counsel advised the district court that the parties had settled the case, and the district court entered an order dismissing Gill's action. The district court retained jurisdiction for sixty days—until August 1, 2004—to amend, vacate or set aside the dismissal order if the settlement was not consummated. Over the course of the next two months, the attorneys for the parties disagreed about the precise terms of the settlement agreement. On July 21, 2004, Gill's attorney advised the Defendants' attorney that he had "no choice but to seek judicial intervention." However, Gill did not do so before the August 1, 2004 deadline.

2

Instead, Gill waited until September 7, 2004 to file a petition to enforce the settlement agreement, advising the district court that the parties were unable to execute a formal settlement agreement. In response, the Defendants quoted at length from the district court's dismissal order and argued that because the motion was not filed within the required sixty-day period, the district court lacked jurisdiction to enforce the settlement. On September 30, 2004, the district court denied Gill's petition because the deadline for reinstating Gill's case had expired, and the district court no longer had jurisdiction to provide the relief Gill sought. Gill did not file a Rule 60(b) motion at that time or appeal the district court's 2004 order.[1]

Over eight years later, on June 28, 2012, Gill filed a Motion for Relief from Order of Dismissal. On July 6, 2012, the district court entered an order returning Gill's motion and explaining that Gill's case had been "closed on June 2, 2004 upon entry of a final judgment." Gill did not appeal the district court's 2012 order.

About two years later, on May 1, 2014, Gill filed another Motion for Relief from Order of Dismissal. On May 6, 2014, the district court entered an order again

---

[1]According to Gill's appeal brief, Gill filed a 2006 action to enforce the settlement in Florida state court, which was dismissed. In addition, Gill filed a 2008 action in federal district court against the attorneys in the Florida Attorney General's office who negotiated the settlement on behalf of the Defendants, alleging that the attorneys tortiously interfered with the settlement contract. The district court dismissed Gill's 2008 action for lack of subject matter jurisdiction. See Gill v. McCollum, 4:08-cv-376, 2008 WL 4540275 (N.D. Fla. Oct. 9, 2008). This Court affirmed. See Gill v. McCollum, 361 F. App'x 69 (11th Cir. 2010).

returning Gill's motion and explaining that Gill's case was closed.  Gill filed this appeal of the district court's May 6, 2014 order.

## II.  DISCUSSION

On appeal, Gill states that he filed his motion pursuant to Federal Rule of Civil Procedure 60(b)(4) and (6).  According to Gill, the basis for his Rule 60(b) motion is that the underlying 2004 judgment in his case is void because neither he nor his attorney received notice at the time that the district court intended to dismiss his action or that the action had been dismissed.  Gill contends that his delay in filing his Rule 60(b) motion was caused by his hospitalization for complications from open heart surgery and an infected pacemaker beginning in 2010 and extending for "a considerable amount of time." [2]

Under Rule 60(b)(4), a district court "may relieve a party . . . from a final judgment, order, or proceeding [if] the judgment is void."  Fed. R. Civ. P. 60(b)(4). A judgment is "void" under Rule 60(b)(4) "if the court that rendered it lacked jurisdiction of the subject matter, or of the parties, or if it acted in a manner inconsistent with due process of law."  Burke v. Smith, 252 F.3d 1260, 1263 (11th Cir. 2001) (quotation marks omitted).

---

[2]We review a district court's denial of Rule 60(b)(6) motion only for an abuse of discretion, but review de novo a district court's denial of a Rule 60(b)(4) motion.  Burke v. Smith, 252 F.3d 1260, 1263 (11th Cir. 2001).

4

Under Rule 60(b)(6), a district court may set aside a final judgment for "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6). Relief under Rule 60(b)(6) "is an extraordinary remedy which may be invoked only upon a showing of exceptional circumstances." Griffin v. Swim-Tech Corp., 722 F.2d 677, 680 (11th Cir. 1984). Even when the movant shows exceptional circumstances, the decision "whether to grant the requested relief is a matter for the district court's sound discretion." Toole v. Baxter Healthcare Corp., 235 F.3d 1307, 1317 (11th Cir. 2000) (quotation marks and alteration omitted). Accordingly, to prevail on appeal, the "appellant must demonstrate a justification so compelling that the [district] court was required to vacate its order." Solaroll Shade & Shutter Corp., v. Bio-Energy Sys., Inc., 803 F.2d 1130, 1132 (11th Cir. 1986).

Generally, Rule 60(b) motions "must be made within a reasonable time." Fed. R. Civ. P. 60(c)(1). What constitutes a "reasonable time" depends upon the circumstances of each case, including "whether the parties have been prejudiced by the delay and whether a good reason has been presented for failing to take action sooner." BUC Int'l Corp. v. Int'l Yacht Council Ltd., 517 F.3d 1271, 1275 (11th Cir. 2008) (quotation marks omitted).

We have indicated, however, that the time for filing a Rule 60(b)(4) motion "is not constrained by reasonableness." Hertz Corp. v. Alamo Rent-A-Car, Inc., 16 F.3d 1126, 1130 (11th Cir. 1994). Nonetheless, it is not error for a district court to

deny a Rule 60(b)(4) motion where the party seeking relief "knowingly sat on his rights," and "does not give an acceptable reason for this delay."  Stansell v. Revolutionary Armed Forces of Colombia, 771 F.3d 713, 736-38 (11th Cir. 2014) (involving a Rule 60(b)(4) movant who claimed he had no notice of garnishment proceedings but did not explain why he waited nine months after becoming aware of the judgment to file his motion); see also United Student Aid Funds, Inc. v. Espinosa, 559 U.S. 260, 275, 130 S. Ct. 1367, 1380 (2010) ("Rule 60(b)(4) does not provide a license for litigants to sleep on their rights.").

Here, the district court did not commit reversible error when it refused to accept for filing Gill's Rule 60(b) motion filed in 2014.  This was Gill's second such motion and was filed almost ten years after the 2004 judgment was entered and the case was closed.  The choice to refuse to accept Gill's motion was within the district court's inherent power to manage its docket.  See Smith v. Psychiatric Solutions, Inc., 750 F.3d 1253, 1262 (11th Cir. 2014), cert. denied, No. 14-690, 2015 WL 731905 (Feb. 23, 2015).

Even assuming arguendo that the district court should have accepted Gill's Rule 60(b) motion, the motion was due to be denied as untimely.  To the extent Gill brought his motion under Rule 60(b)(6), he did not attempt to file it within a reasonable time.  To the extent Gill's motion proceeded under Rule 60(b)(4), the

record demonstrates that Gill knowingly and without sufficient explanation sat on his rights.

Gill, despite knowing of the judgment, failed to file a Rule 60(b)(4) motion for many years. Even if, as Gill claims, his attorney did not receive notice when the dismissal order was entered in June 2004, both Gill and his attorney were on notice of the dismissal order by September 2004 at the latest, when Gill's attorney sought unsuccessfully to enforce the settlement agreement. See Link v. Wabash R. R. Co., 370 U.S. 626, 634, 82 S. Ct. 1386, 1390 (1962) (explaining that a party "is considered to have notice of all facts, notice of which can be charged upon the attorney") (quotation marks omitted). Yet, Gill waited almost ten years, until May 2014, to try set the judgment aside on Rule 60(b)(4) grounds.[3] Gill's only explanation for his delay is his extended hospitalization beginning in 2010, which does not explain why Gill sat on his rights between 2004 and 2010, a period of six years. Under the circumstances, we readily conclude that Gill's 2014 Rule 60(b) motion is untimely.

Finally, even if we ignore Gill's delays, his 2014 motion was due to be denied because Gill had not shown either "exceptional circumstances" under Rule 60(b)(6), or that the district court, in entering the dismissal order, had "acted in a

---

[3]Because Gill's first Rule 60(b) motion in 2012 is not in the record, it is unclear whether that motion argued that the judgment was void under Rule 60(b)(4) for lack of notice. But, even if it did, Gill waited almost eight years before raising the argument as a basis for setting aside the judgment. He also failed to appeal the district court's 2012 refusal to file his motion.

manner inconsistent with due process of law" under Rule 60(b)(4).  Based on the record before us, Gill did not carry his burden to show he is entitled to relief under either Rule 60(b)(4) or Rule 60(b)(6).

**AFFIRMED.**