NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**MOSHE A. PERRY,**

*Plaintiff-Appellant*

v.

**UNITED STATES PATENT AND TRADEMARK OFFICE, KATHERINE K. VIDAL, Under Secretary of Commerce for Intellectual Property and Director of the United States Patent and Trademark Office, WENDY GARBER, Director Patent Technology Center 3600 No. 3649, DARNELL JAYNE, Director No. 3649, DALE SHAW, Ombudsman, KRISTINE CLARETTE MATTER, Examiner, KATHERINE MATECKI, Group Director, Technology Center No. 3649, LAURA MARTIN, Examiner, SHIRENE WILLIS BRANTLEY, Attorney Advisor at the USPTO Petition Department, CHARLES STEVEN BRANTLEY, Attorney Advisor at the USPTO Petition Department,**

*Defendants-Appellees*

---

2022-1720

---

Appeal from the United States District Court for the Central District of California in No. 2:19-cv-00637-RGK-JC, Judge R. Gary Klausner.

---

**ON MOTION**

---

PER CURIAM.

**O R D E R**

Moshe A. Perry moves for leave to proceed in *forma pauperis* ("IFP"). For the following reasons, we dismiss.

In January 2019, Mr. Perry filed a complaint in federal district court against the United States Patent and Trademark Office and various officials alleging misconduct in the handling of his patent applications. On February 1, 2019, the district court denied his IFP motion and dismissed the complaint as frivolous. Mr. Perry did not appeal that ruling. However, Mr. Perry subsequently did file a complaint raising similar allegations at the United States Court of Federal Claims. The Court of Federal Claims also dismissed his claims. Mr. Perry appealed that decision to this court, and we affirmed. *Perry v. United States*, No. 2020-2084, 2021 WL 2935075 (Fed. Cir. July 13, 2021).

After unsuccessfully pursuing his claims in the Court of Federal Claims, Mr. Perry went back to the district court, seeking to reopen his case. On January 20, 2022, the district court ordered that the motion be rejected for filing and returned to Mr. Perry, noting that his case had previously been dismissed. On March 16, 2022, Mr. Perry filed another IFP motion with the district court. On March 21, 2022, the district court again ordered that the document be rejected for filing and returned, again noting that "IFP [was] previously denied and [the] case closed." ECF No. 1-2 at 38. On April 11, 2022, Mr. Perry filed a notice of appeal, referencing the January 20, 2022, and March 21, 2022, orders of the district court. *Id.* at 5.

We lack jurisdiction over the January 20, 2022, order, because an appeal of that order is untimely.[1]  An appeal from a judgment or order in a civil action against an agency or official of the United States must be filed within 60 days from the entry of the judgment or order being appealed.  28 U.S.C. § 2107(b); Fed. R. App. P. 4(a)(1)(B).  That deadline is jurisdictional.  *Bowles v. Russell*, 551 U.S. 205, 214 (2007).  The notice of appeal here was filed more than 60 days from the date the court issued that ruling.[2]

We also dismiss Mr. Perry's appeal from the March 21, 2022, order as frivolous.  *See Mallard v. U.S. Dist. Ct. for S. Dist. of Iowa*, 490 U.S. 296, 307–08 (1989); *cf.* 28 U.S.C. § 1915(e)(2)(B)(i) ("[T]he court shall dismiss the case at any time if the court determines that . . . the . . . appeal is frivolous[.]").  It is well within a district court's authority to refuse to accept repetitive filings after a case has been closed.  *See Davis v. Adler*, 765 F. App'x 400, 401 (9th Cir. 2019) (citing *Ready Transp., Inc. v. AAR Mfg., Inc.*, 627 F.3d 402, 404 (9th Cir. 2010) and *Bias v. Moynihan*, 508 F.3d 1212, 1223 (9th Cir. 2007)); *Gill v. Wells*, 610 F. App'x 809, 812 (11th Cir. 2015).  Here, the district court declined to accept Mr. Perry's second IFP motion because it had previously dismissed his claims.  Mr. Perry has failed to make any cogent, non-frivolous argument as to why that determination was an abuse of discretion.

---

[1]    To the extent that Mr. Perry is also seeking to appeal from the February 2019 order dismissing his case, that appeal would also be untimely.

[2]    We also see no basis here to construe Mr. Perry's notice of appeal as either a motion to extend the time to appeal or reopen the time to appeal under Rule 4(a)(5) or (6) of the Federal Rules of Appellate Procedure.  The notice of appeal does not seek such relief and was filed outside the applicable deadlines for filing such motions.

Accordingly,

IT IS ORDERED THAT:

(1)  Mr. Perry's appeal is dismissed.

(2)  All pending motions are denied as moot.

(3)  Each side shall bear its own costs.

FOR THE COURT

August 9, 2022                     /s/ Peter R. Marksteiner
        Date                       Peter R. Marksteiner
                                   Clerk of Court