NOTE:  This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**RICARDO J. CALDERON LOPEZ,**

*Plaintiff-Appellant*

**v.**

**UNITED STATES,**

*Defendant-Appellee*

---

2022-2137

---

Appeal from the United States Court of Federal Claims in No. 1:20-cv-00133-EGB, Senior Judge Eric G. Bruggink.

---

**ON MOTION**

---

Before DYK, REYNA, and TARANTO, *Circuit Judges*.

PER CURIAM.

## O R D E R

The United States moves to waive the requirements of Federal Circuit Rule 27(f) and to dismiss for lack of jurisdiction.  Ricardo J. Calderon Lopez opposes the motion and moves to "Set as Aside & reverse unsupported order & judgement . . . as-clearly erroneous . . . expediting the appellant-reinstatement of Gov. benefits," ECF No. 9 at 4.

Mr. Lopez filed the present action at the United States Court of Federal Claims, asserting claims under the Federal Tort Claims Act. The court entered judgment on July 10, 2020, dismissing the action, agreeing with the government that the court lacked subject matter jurisdiction. More than two years later, on August 9, 2022, the Court of Federal Claims received a submission from Mr. Lopez entitled "Motion to Intervene," which the court returned to him as unfiled on August 11, 2022. The next day, Mr. Lopez filed a notice of appeal from a judgment purportedly entered on "08/12/2022."

We agree with the government that we do not have jurisdiction to hear any appeal from the Court of Federal Claims' July 10, 2020, judgment because an appeal from that judgment would be untimely. To be timely, a notice of appeal must be received by the Court of Federal Claims within 60 days of the entry of judgment, *see* 28 U.S.C. § 2522; 28 U.S.C. § 2107. The timely filing of a notice of appeal from the Court of Federal Claims to this court is a jurisdictional requirement that is not subject to equitable exception. *See Marandola v. United States*, 518 F.3d 913, 914 (Fed. Cir. 2008). Here, Mr. Lopez's notice of appeal was filed over two years after entry of the July 10, 2020, judgment, which was clearly untimely.

Mr. Lopez's brief also does not clearly challenge the August 11, 2022, order returning his "Motion to Intervene" unfiled. In any event, it was well within the Court of Federal Claims' authority to refuse to accept Mr. Lopez's submission filed long after his case had been closed. *See Davis v. Adler*, 765 F. App'x 400, 401 (9th Cir. 2019) (citing *Ready Transp., Inc. v. AAR Mfg., Inc.*, 627 F.3d 402, 404 (9th Cir. 2010) and *Bias v. Moynihan*, 508 F.3d 1212, 1223 (9th Cir. 2007)); *Gill v. Wells*, 610 F. App'x 809, 812 (11th Cir. 2015) (citing *Smith v. Psychiatric Sols., Inc.*, 750 F.3d 1253, 1262 (11th Cir. 2014)). Nor does Mr. Lopez assert any other nonfrivolous issues for appeal. *See Mallard v. U.S. Dist. Ct. for S. Dist. of Iowa*, 490 U.S. 296, 307–08 (1989); *cf.* 28 U.S.C.

§ 1915(e)(2)(B)(i) ("[T]he court shall dismiss the case at any time if the court determines that . . . the . . . appeal is frivolous[.]").

Accordingly,

IT IS ORDERED THAT:

(1)  The motion to dismiss is granted.  The case is dismissed.

(2)  Any other pending motion is denied as moot.

(3)  Each side shall bear its own costs.

FOR THE COURT

October 21, 2022                    /s/ Peter R. Marksteiner
        Date                        Peter R. Marksteiner
                                    Clerk of Court


ISSUED AS A MANDATE: October 21, 2022