UNITED STATES of America,
Plaintiff—Appellee,

v.

Victor H. KOHRING, Defendant—
Appellant.

No. 08–30170.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted April 14, 2009.

Filed June 10, 2009.

Joseph William Bottini, I, Esquire, Assistant U.S., Jo Ann Farrington, James A. Goeke, Assistant U.S., Office of the U.S. Attorney, Anchorage, AK, Edward P. Sullivan, Esquire, U.S. Department of Justice, Washington, DC, for Plaintiff–Appellee.

John Henry Browne, Law Offices of John Henry Browne, Seattle, WA, for Defendant–Appellant.

Before: B. FLETCHER, TASHIMA and THOMAS, Circuit Judges.

ORDER *

Defendant–Appellant Victor Kohring, a former Alaska State Representative, was convicted by a jury of conspiracy, attempted extortion, and bribery and sentenced to 42 months in prison and two years supervised release. Kohring appealed his conviction. We grant the government's motion for a remand.

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

## I

Shortly before oral argument in this appeal, Kohring filed a motion requiring the United States to disclose all evidence "favorable to the accused" pursuant to *Brady v. Maryland,* 373 U.S. 83, 87, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963). The motion arose out of events in *United States v. Stevens,* Criminal No. 08–231 (D.D.C.), in which the United States moved to set aside a judgment of conviction and to dismiss the indictment with prejudice based on failure to disclose *Brady* material. The witness involved in the *Stevens* case was also a primary witness in the Kott prosecution.

The United States responded to the motion for production in this case by reporting that it was conducting a review of the disclosures and would produce any *Brady* material it found that had not already been produced. Although apparently it has not concluded its review, the United States has now moved the Court to remand this case to the district court for further proceedings. It reports that "the process has uncovered material that, at this stage, appears to be information that should have been, but was not disclosed to Appellant before trial."

We grant the government's motion for remand. We also order Kohring's immediate release on personal recognizance, subject to terms and conditions to be set by the district court.

## II

Because we are remanding for further proceedings in the district court, we must resolve one issue raised by Kohring on appeal: recusal of the district judge. Kohring contends that the district judge should have *sua sponte* recused himself in

this case and, because he did not, Kohring is entitled to dismissal of the indictment or, alternatively a new trial.

We review a district court's denial of a recusal motion for abuse of discretion. *Jorgensen v. Cassiday,* 320 F.3d 906, 911 (9th Cir.2003). Kohring argues that the district judge should have recused himself in accordance with 28 U.S.C. § 455(a), which states that "[a]ny justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." In analyzing § 455(a) disqualification motions, we "employ an objective test: whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *Clemens v. U.S. Dist. Court for Cent. Dist. of Cal.,* 428 F.3d 1175, 1178 (9th Cir.2005) (per curiam) (internal quotation marks omitted). The question is "whether a reasonable person perceives a significant risk that the judge will resolve the case on a basis other than the merits." *Id.* (quoting *In re Mason,* 916 F.2d 384, 385 (7th Cir.1990)).

Kohring argues that the district judge was required to recuse himself under § 455(a) because of an alleged dispute Kohring had with the judge's spouse some years before the trial. He also argues that the judge should have recused himself because one of the witnesses at trial lived in the judge's neighborhood and the judge had attended high school with another witness.

Kohring did not make this motion when the district judge was assigned the case, nor before the commencement of his criminal trial, nor at the conclusion of it. He waited until three months after the jury entered its verdict, just prior to the sentencing date. The remedy Kohring sought

was dismissal of the indictment or, in the alternative, the granting of a new trial.

The district judge referred the motion to another judge in the district for resolution; however, that judge properly referred the motion back to the trial judge under applicable law governing motions for recusal under 28 U.S.C. § 455(a). The district judge then denied the motion in a lengthy order both on the merits and on the basis that it was not timely filed. After a careful review of the record, we conclude that the district court properly denied the motion on both grounds.

"While there is no *per se* rule that recusal motions must be made at a fixed point in order to be timely, ... such motions 'should be filed with reasonable promptness after the ground for such a motion is ascertained.'" *E. & J. Gallo Winery v. Gallo Cattle Co.*, 967 F.2d 1280, 1295 (9th Cir.1992) (citing *Preston v. United States*, 923 F.2d 731, 733 (9th Cir.1991)). The underlying facts were known to Kohring many years before the trial. He claims he did not understand the significance of the facts until the last day of trial. Nonetheless, with the exercise of slightest amount of diligence, he could have ascertained the significance long before trial. Further, Kohring did not act on his epiphany until the passage of several months, just prior to the date set for sentencing. He did not confine his motion to recusal of the judge at sentencing, but rather sought dismissal of the indictment or a new trial. Under these circumstances, the district court did not err in concluding that his motion was untimely.

The district court also did not err in denying the motion on the merits. We have carefully reviewed the judge's order, in which he details his knowledge, and the complete record of the trial and pre-trial proceedings. The record does not contain any objective evidence of any bias on the part of the judge, who handled all matters judiciously and fairly. His order carefully details and discloses all of the relevant information. After careful and thorough review, we conclude that a reasonable person with knowledge of all the facts would not reasonably question the judge's impartiality. The district court properly denied the motion. Given our decision, there is no reason for the district court to recuse itself on remand.

III

We affirm the judge's order denying Kohring's motion for dismissal of the indictment or, in the alternative, a new trial. We grant the government's motion for remand. We note that the government agrees that defendant should be released on his own recognizance, but in absence of a motion filed with this Court, we refer the question of allowing bail pending appeal to the district court.

The remand is a limited one based on the issues raised by the government. *See United States v. Thrasher*, 483 F.3d 977, 982 (9th Cir.2007) (describing scope of limited remand). We remand for the district court to determine: (1) whether the government breached its obligation of full disclosure under *Brady* and *Giglio v. United States*, 405 U.S. 150, 154, 92 S.Ct. 763, 31 L.Ed.2d 104 (1972); (2) if so, whether the defendant was prejudiced by the violation; and (3) if the defendant was prejudiced, what the remedy should be. The district court is, of course, free to follow whatever procedure it deems appropriate and expeditious in its discretion.

We retain jurisdiction over this appeal during the pendency of the limited re-

mand. *See Cel–A–Pak v. Cal. Agric. Labor Relations Bd.,* 680 F.2d 664, 668 (9th Cir.1982) (noting power to retain appellate jurisdiction while ordering a limited remand). Upon completion of its review of the remanded *Brady* issue, the district court shall promptly certify its order thereon to this Court. We defer submission of this appeal and stay further proceedings in this Court pending resolution of the proceedings in the district court. All other issues briefed by the parties, except the recusal issue, remain pending.

**AFFIRMED IN PART; REMANDED FOR FURTHER PROCEEDINGS.**