**FOR PUBLICATION**

# JUDICIAL COUNCIL
# OF THE NINTH CIRCUIT

| | |
|---|---|
| IN RE COMPLAINT OF JUDICIAL MISCONDUCT | No. 10-90016 ORDER |

Filed February 2, 2011

---

## ORDER

KOZINSKI, Chief Judge:

A pro se litigant charges that a judge made public comments that violated the Code of Conduct for United States Judges. She alleges that, after the September 11, 2001 attacks, the judge gave a speech in which he stated he "had a sickening feeling in [his] stomach about what might happen to race relations and religious tolerance" and that the "[c]riminalization of immigration laws" constituted "[i]nstitutionalized racism." Complainant also alleges that, in another speech, the judge "criticized [a senator's] work in trying to investigate campaign finance controversies involving [two individuals], both of whom eventually pled guilty to felony campaign finance law violations." (First two alterations in original).

A judge does not check his First Amendment rights at the courthouse door, to be reclaimed at the expiration of his judicial tenure. *See generally* Leonard E. Gross, *Judicial Speech: Discipline and the First Amendment*, 36 Syracuse L. Rev. 1181 (1986). The Code of Conduct encourages judges to "speak, write, lecture, teach, and participate in other activities concerning the law, the legal system, and the administration of justice." Code of Conduct for United States Judges Canon

4. Engaging in such law-related activities—including speeches that comment on current events and legal developments—is permitted not only because judges are citizens, but because they are particularly knowledgeable on such topics. Their speech may thus enhance the public discourse and lead to a more informed citizenry. Here, the complaint alleges that the judge expressed his thoughts on racial and religious tolerance post-9/11, the direction of immigration law and a campaign finance controversy. These comments fall squarely within the ambit of protected speech and are precisely the kind of activity that the Code of Conduct encourages. Because complainant has not alleged behavior that is "prejudicial to the effective and expeditious administration of the business of the courts," this charge must be dismissed. 28 U.S.C. § 351(a); Judicial-Conduct Rule 11(c)(1)(A).

Complainant also alleges that the judge "made jokes about [a candidate for high public office]." The mere fact that a statement takes the form of a joke does not render it misconduct; humor is the pepper spray in the arsenal of persuasive literary ordnance: It is often surprising, disarming and, when delivered with precision, highly effective. *See Hustler Magazine* v. *Falwell*, 485 U.S. 46, 54-55 (1988) ("Despite [its] sometimes caustic nature, [humor] . . . ha[s] played a prominent role in public and political debate[, and] . . . . our political discourse would have been considerably poorer without [it]."). Political humor is ubiquitous, especially during campaigns when candidates for public office become the subject of widespread discussion. A joke about someone running for office does not necessarily connote endorsement of, or opposition to, a particular candidate. *See* Code of Conduct for United States Judges Canon 5; *cf. In re Charges of Judicial Misconduct*, 404 F.3d 688, 698 (2d Cir. Jud. Council 2005) (noting that an "ethics expert had opined that federal judge's public statement that President Reagan was a racist probably didn't violate judicial ethical canons" (internal quotation mark omitted)). So far as can be discerned from the complaint, the joke was not racist, sexist or otherwise invidious; it was not

reported in the press or the subject of any significant public comment. *Compare id.* at 696. Without more, there's no basis for concluding that the judge's conduct resulted in "a substantial and widespread lowering of public confidence in the courts." Judicial-Conduct Rule 3(h)(2); *see also In re Charges of Judicial Misconduct*, 404 F.3d at 697-98. Because there's no evidence of misconduct, this claim must be dismissed. *See* 28 U.S.C. § 352(b)(1)(A)(iii); Judicial-Conduct Rule 11(c)(1)(D).

**DISMISSED.**