**FOR PUBLICATION**

# JUDICIAL COUNCIL
# OF THE NINTH CIRCUIT

IN RE COMPLAINT OF JUDICIAL
MISCONDUCT

No. 15-90072

ORDER

Filed March 14, 2016

## ORDER

THOMAS, Chief Judge:

Complainant is a litigant who filed a civil rights action against a university. He alleges that a district judge created an "appearance of impropriety" by presiding over his case because the judge graduated from the university, gave lectures there, served on the university alumni association's board of directors, and lives near the attorney for the university.

Complainant does not allege actual impropriety. In fact, the complaint affirmatively states that "[t]his Complaint does NOT conclude that [the judge], whose record from the bench is respected throughout the nation, actually engaged in judicial misconduct." Nor does the complaint allege the judge should have recused himself. None of the present allegations were made during the course of the action, nor did complainant at any time ask the judge to recuse. The complaint must be dismissed because none of the

associations—either on their own or taken collectively—create the appearance of impropriety.

The Code of Conduct for United States Judges directs federal judges to avoid both actual impropriety and its appearance.  Code of Conduct for United States Judges, Canon 2.  As Justice Frankfurter put it, "justice must satisfy the appearance of justice." *Offutt v. United States*, 348 U.S. 11, 14 (1954).  All the same, misconduct complaints that do "not allege[] behavior that is 'prejudicial to the effective and expeditious administration of the business of the courts,' . . . must be dismissed." *In re Complaint of Judicial Misconduct*, 632 F. 3d 1289 (9th Cir. 2011).  An objective standard governs whether a judge's associations create the appearance of impropriety. *Caperton v. A.T. Massey Coal Co.*, 556 U.S. 868, 886 (2009).

"The Supreme Court has recognized only a few circumstances in which an appearance of bias necessitates recusal to ensure due process of law." *Greenway v. Schriro*, 653 F.3d 790, 806 (9th Cir. 2011).  Typically, the Supreme Court has only mandated recusal where a judge has a direct, personal, or substantial connection to the outcome of a case or to its parties. *See, e.g.*, *In re Murchison*, 349 U.S. 133, 136 (1955) (concluding that "no man is permitted to try cases where he has an interest in the outcome"); *Tumey v. Ohio*, 273 U.S. 510, 523 (1927) (concluding that judges should not preside over cases involving a "direct, substantial pecuniary interest" in the outcome); *see also Caperton v. A.T. Massey Coal Co., Inc.*, 556 U.S. 868, 872 (2009) (concluding that "the probability of actual bias on the part of the judge or decisionmaker is too high to be constitutionally tolerable" where a party was a substantial donor to judge's election campaign).

In his complaint, complainant first alleges that the district judge's association with a university creates the appearance of impropriety. The district judge graduated from the university, served on the board of its alumni association, served as an adjunct professor at the university twenty years ago, and received at least two honorary awards from organizations associated with the university. The district judge also heard at least four cases in which the university was a party. This was not improper, in appearance or in fact. It is well established that the law "does not require recusal for . . . minimal alumni contacts . . . [including] when [a] judge was alumnus of defendant-university, served as unpaid adjunct professor who offered internships for the university's law students, gave the university a yearly donation for football tickets . . . planned to create scholarship at the university," or served as a "member of . . . school alumni social organization." *U.S. ex rel. Hochman v. Nackman*, 145 F.3d 1069, 1076 (9th Cir. 1998) (citations omitted). The same principles guide the result here: graduation from a university, prior service as an adjunct, and the receipt of alumni awards do not create the appearance of impropriety. Nor does service on an alumni board when it does not create a fiduciary interest in pending litigation. *See Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 861 (1988) (concluding that service on a university's board of trustees can create the appearance of impropriety when it gives rise to a fiduciary interest in litigation before the judge). There is no evidence of such a relationship here, and prior service on an alumni board would not create such a relationship.

Second, complainant alleges that there is an appearance of impropriety because the district judge lives near the university's attorney. The attorney and the judge are next-door neighbors. But on its own, having an attorney as a

neighbor does not create the appearance of impropriety. It certainly is not judicial misconduct. To the contrary, judges are expected "to be independent" and "to live their personal lives as they see fit." 125 Cong. Rec. 30,064 (1979) (statement of Sen. Bayh). Complainant does not allege anything specific about the relationship between the district judge and the attorney, merely that "the level of concern" about impropriety "increases." Misconduct Complaint at 3. Without more, however, "there's no basis for concluding that the judge's conduct resulted in 'a substantial and widespread lowering of public confidence in the courts.'" *In re Complaint of Judicial Misconduct*, 632 F.3d at 1290 (quoting Judicial–Conduct Rule 3(h)(2)). Moreover, "[m]ere general allegations of intimacy of the judge with opponents are insufficient to require recusal" or create the appearance of impropriety. *In re Beard*, 811 F.2d 818, 828 (4th Cir. 1987); *see also United States v. Kohring*, 334 Fed. App'x. 836 (9th Cir. 2009) (unpublished). A judge "must have neighbors, friends and acquaintances, business and social relations, and be a part of his day and generation." *Penn. v. Local Union 542, Int'l Union of Operating Engineers*, 388 F.Supp. 155, 159 (E. D. Pa.1974) (quoting *Ex Parte N. K. Fairbank Co.*, 194 F. 978, 989 (M. D. Ala.1912)). Indeed, friendship between a judge and a lawyer, or other participant in a trial, without more, does not require recusal. *See, e.g.*, *United States v. Murphy*, 768 F.2d 1518, 1537 (7th Cir. 1985). Here, the only relationship alleged is geographic proximity.

Thus, complainant does not "identify . . . facts that might reasonably cause an objective observer to question [a judge's] impartiality." *Liljeberg*, 486 U.S. at 865. In this case, there is no evidence of misconduct or an appearance of impropriety. Because the complaint "lack[s] sufficient evidence to raise an inference that misconduct has

occurred," these allegations are dismissed.   28 U.S.C. § 352(b)(1)(A)(iii); *see* Judicial-Conduct Rule 11(c)(1)(A) and (D).

**DISMISSED.**