NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

NOV 28 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| FRANK KONARSKI, DBA FGPJ Apartments & Development, et al. <br><br> Plaintiffs-Appellants, <br><br> v. <br><br> CITY OF TUCSON, et al. <br><br> Defendants-Appellees. | No. 16-15476 <br><br> D.C. No. 4:14-cv-02264-JGZ <br><br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Arizona
Jennifer G. Zipps, District Judge, Presiding

Submitted October 20, 2017[**]
San Francisco, California

Before: W. FLETCHER and TALLMAN, Circuit Judges, and HOYT,[***] District Judge.

---

[*]The disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]The Honorable Kenneth M. Hoyt, United States District Judge for the Southern District of Texas, sitting by designation.

The plaintiffs, Frank, Gabriela, Patricia, John Frank and Frank Edward Konarski ("the Konarskis") appeal the dismissal of their lawsuit for failure to state a claim, pursuant to Fed. R. Civ. P. 12(b)(6). The Konarskis asserted causes of action pursuant to the Sherman Act, 15 U.S.C. § 1 and 42 U.S.C. § 1983, for deprivation of due process, equal protection, Commerce Clause rights, and state law claims. In three orders, the district court denied the Konarskis' motion for recusal and stay, designated the Konarskis as vexatious litigants and dismissed the Konarskis' suit. We have jurisdiction pursuant to 28 U.S.C. § 1291.

The Konarskis, residents of the City of Tucson, own and operate FGPJ Apartments and FGPJ Development, businesses engaged in rental housing and housing development. Over a period of eighteen years, they have filed a plethora of lawsuits against the City of Tucson concerning their housing business. In this suit, the Konarskis allege that the City of Tucson and certain City employees (collectively "the City") lured tenants away from their properties by providing them with Section 8 housing voucher applications that, if approved, could be utilized at competitor Section 8 rental properties. (The Konarksis are barred from acting as Section 8 landlords because the Arizona Attorney General found that they had created a hostile and discriminatory environment for Hispanic tenants.)

The district judge did not err by not recusing herself in this suit. We review a district judge's order declining to recuse under an abuse of discretion standard.

*See United States v. Monaco*, 852 F.2d 1143, 1147 (9th Cir. 1988), *cert. denied*, 488 U.S. 1040 (1989).

"Any justice, judge, or magistrate judge of the United States shall disqualify [herself] in any proceeding in which [her] impartiality might reasonably be questioned." 28 U.S.C. § 455(a). Furthermore, a judge "shall also disqualify [herself] [w]here [s]he has . . . personal knowledge of disputed evidentiary facts concerning the proceeding." 28 U.S.C. § 455(b). Because a judge is presumed to be impartial, the Konarskis bear the burden of showing that the judge lacked impartiality. *See Perry v. Schwarzenegger*, 790 F. Supp. 2d 1119, 1129 (9th Cir. 2011) (quoting *Torres v. Chrysler Fin. Co.*, No. C 07-00915 JW, 2007 WL 3165665, at *1 (N.D. Cal. Oct. 25, 2007)).

The Konarskis' motion for recusal charges that, while representing the United States Department of Housing and Urban Development ("HUD"), in her capacity as an Assistant United States Attorney, the district judge held an adversarial position in a suit involving the Konarskis. The Konarskis maintain that the judge's prior adversarial history, coupled with her prior recusals in other lawsuits involving them, warrants recusal in the present suit.

However, beyond mere recitals, there are no pleadings or evidence of a direct, personal, or substantial connection between the Konarskis and the trial judge. In fact, the suit referenced occurred several years ago and concerned a

3                                                                 16-15476

matter unrelated to this suit. *See United States v. Silver*, 245 F.3d 1075, 1079–80 (9th Cir. 2001) (recusal not necessary where district court judge had been a United States Attorney while defendant was being investigated regarding an unrelated offense); *Gravenmier v. United States*, 469 F.2d 66, 67 (9th Cir. 1972) (holding that a judge, who as United States Attorney was of counsel when a defendant was tried and convicted of a charge, is not disqualified from presiding at the prosecution of the same defendant for an unrelated offense).

Moreover, the district judge's appearance was limited to a pre-trial matter that resulted in the dismissal of a HUD employee sued solely in her capacity as a HUD employee. The Konarskis have not otherwise tendered any allegations suggesting any impropriety on the part of the district judge, and "[t]he Supreme Court has recognized only a few circumstances in which an *appearance* of bias necessitates recusal to ensure due process of law." *In re Complaint of Judicial Misconduct*, 816 F.3d 1266, 1267 (9th Cir. 2016) (emphasis added) (quoting *Greenway v. Schriro*, 653 F.3d 790, 806 (9th Cir. 2011)). Accordingly, the Konarskis have not established a factual or legal basis for recusal. The district court did not err by designating the Konarskis as vexatious litigants. We review this claim under an abuse of discretion standard. *See De Long v. Hennessey*, 912 F.2d 1144, 1146 (9th Cir. 1990). The district judge's finding that the Konarskis are vexatious litigants is based on their lengthy litigation record concerning their

rental housing business and their relationship with the City and federal government.

The Konarskis maintain that they were not given adequate notice and an opportunity to be heard on the City's vexatious litigant motion. However, when offered an opportunity for a hearing in open court on the matter, the Konarskis declined, preferring instead to file a written response. The Konarskis now take issue with the district court's independent examination of their litigation record.

After an examination of the papers before her, the district judge applied the *Molski* factors in reaching her decision. *See Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047, 1057–58 (9th Cir. 2007). *Molski* requires the trial judge to provide the parties an opportunity to be heard, to develop a record subject to review, to make substantive findings concerning the accused party's litigation history and, if necessary, to fashion an order "narrowly tailored to closely fit the specific vice encountered." *Id.* The district court provided the Konarskis ample notice and an opportunity to be heard, and it compiled an extensive record based on its own independent examination of "the dockets, pleadings and motions in every case filed by [the Konarskis]" in the District of Arizona before adjudicating the matter. Moreover, the order entered is narrowly tailored, as it does not entirely bar the Konarskis from filing suit.

16-15476

Lastly, we address the Konarskis' claim that the district court erred by dismissing their suit. We review a dismissal for failure to state a claim *de novo*. *Lloyd v. CVB Fin. Corp.*, 811 F.3d 1200, 1205 (9th Cir. 2016). We conclude that the district court did not err by dismissing the Konarskis' Sherman Act and § 1983 claims, or by choosing not to exercise supplemental jurisdiction over the Konarskis' remaining state law claims.

The Konarskis' Sherman Act claim fails for lack of factual support. To establish a claim under § 1 of the Sherman Act, the Konarskis must plead "evidentiary facts which, if true, will prove: (1) a contract, combination or conspiracy among two or more persons or distinct business entities; (2) by which the persons or entities intended to harm or restrain trade or commerce among the several States, or with foreign nations; (3) which actually injures competition." *Kendall v. Visa U.S.A., Inc.*, 518 F.3d 1042, 1047 (9th Cir. 2008). They must show that "the activities in question, although conducted within a state, have a substantial effect on interstate commerce." *Freeman v. San Diego Ass'n of Realtors*, 322 F.3d 1133, 1143–44 (9th Cir. 2003) (quotation omitted).

The Konarskis' pleadings fail to indicate how the City's purely local activities are related to interstate commerce. The City's alleged interference with their tenants does not, without more, have any impact or effect on interstate

commerce, let alone a substantial effect. *See United States v. ORS, Inc.*, 997 F.2d 628, 629 (9th Cir. 1993); 15 U.S.C. § 1.

The Konarskis also seek relief pursuant to § 1983, alleging that the City violated their right to engage in interstate commerce, their substantive due process rights and their right to equal protection.

The Konarskis' Commerce Clause claim fails for lack of factual support. The Konarskis failed to explain how the City's decision to provide Section 8 qualification packets to two of Konarskis' tenants favored in-state economic interests over out-of-state interests, or incidentally burdened interstate transactions. *See Kleenwell Biohazard Waste and Gen. Ecology Consultants, Inc. v. Nelson*, 48 F.3d 391, 395 (9th Cir. 1995).

A substantive due process claim must assert "a government deprivation of life, liberty or property," coupled with "conscience shocking behavior" by the government. *Brittain v. Hansen*, 451 F.3d 982, 991 (9th Cir. 2006) (internal citations omitted). Here, the Konarskis sued the City for engaging in activities that are authorized by law: qualifying persons for Section 8 housing. The Konarskis' pleadings do not show how the City's conduct deprived them of life, liberty, or property, or explain how its behavior could be considered "conscience-shocking."

The Konarskis' equal protection claim is likewise void of any factual support. The Konarskis' pleadings do not support the view that they were

subjected to disparate treatment or treatment that is devoid of any rational basis, as required to support a "class of one" equal protection claim. *See Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000). To claim that other similarly-situated property owners were treated differently or more favorably than they, without more, is conclusory and unsupported by the facts as pled.

Finally, upon dismissal of the Konarskis' claims arising under federal law, the district court was free to decline to exercise supplemental jurisdiction over the Konarskis' state law claims. *See* 28 U.S.C. § 1367(c)(3). Accordingly, the district court's decision is AFFIRMED, with costs awarded to the appellees.