**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

DARREN HEYMAN,

             Plaintiff-Appellant,

  v.

STATE OF NEVADA, ex rel; on behalf of
Board of Regents of the Nevada System of
Higher Education; on behalf of University
of Nevada, Las Vegas; NEAL
SMATRESK; DONALD SNYDER;
STOWE SHOEMAKER; RHONDA
MONTGOMERY; CURTIS LOVE;
SARAH TANFORD; PHILIP BURNS;
KRISTIN MALEK; LISA MOLL-CAIN;
DEBRA L. PIERUSCHKA; ELDA M.
SIDHU,

             Defendants-Appellees.

No.   21-16377

D.C. No.
2:15-cv-01228-APG-BNW

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Nevada
Andrew P. Gordon, District Judge, Presiding

---

     [*] This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

Submitted August 22, 2022[**]
San Francisco, California

Before: FERNANDEZ, SILVERMAN, and N.R. SMITH, Circuit Judges.

Darren Heyman appeals pro se the district court's decision to remand his case to Nevada state court and various rulings rendered prior to remand. Heyman instituted this action against the University of Nevada Las Vegas ("UNLV") and several individuals asserting a Title IX[1] claim and numerous state law claims. We affirm.

The district court did not abuse its discretion[2] when District Judge Gordon, Magistrate Judge Foley, and Magistrate Judge Weksler declined to recuse themselves. "'[M]inimal alumni contacts'" to a defendant university and adverse rulings are not bases for recusal. *In re Complaint of Jud. Misconduct*, 816 F.3d 1266, 1267 (9th Cir. 2016); *see also Taylor v. Regents of the Univ. of Cal.*, 993 F.2d 710, 712 (9th Cir. 1993) (per curiam).

---

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[1] Education Amendments of 1972 § 901, 20 U.S.C. § 1681.

[2] *See Yagman v. Republic Ins.*, 987 F.2d 622, 626 (9th Cir. 1993).

Nor did the district court plainly err[3] due to District Judge Boulware's failure to sua sponte recuse himself earlier in the case. *See United States Courts*, *Guide to Judiciary Policy*, Vol. 2B, Ch. 3 § 3.4-3; *Jud. Misconduct*, 816 F.3d at 1267. Moreover, were there any error, it was harmless. *See Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 862, 108 S. Ct. 2194, 2203–04, 100 L. Ed. 2d 855 (1988) (harmless error review may apply to violations of 28 U.S.C. § 455).

The district court did not abuse its discretion[4] in declining to exercise supplemental jurisdiction because the only federal claim had been dismissed. *See* 28 U.S.C. § 1367(c)(3); *Sanford v. MemberWorks, Inc.*, 625 F.3d 550, 561 (9th Cir. 2010). "Whether a federal court should exercise supplemental jurisdiction under 28 U.S.C. § 1367(c) is an issue 'which remains open throughout the litigation.'" *Holly D. v. Cal. Inst. of Tech.*, 339 F.3d 1158, 1181 n.28 (9th Cir. 2003).

The district court did not err[5] in dismissing certain of Heyman's claims and his requests for punitive damages. His claims relating to the alleged complaint

---

[3] *See United States v. Holland*, 519 F.3d 909, 911–12 (9th Cir. 2008).

[4] *See San Pedro Hotel Co., Inc. v. City of Los Angeles*, 159 F.3d 470, 478 (9th Cir. 1998).

[5] *See Burgert v. Lokelani Bernice Pauahi Bishop Tr.*, 200 F.3d 661, 663 (9th Cir. 2000).

filed with the State Bar of Nevada[6] were barred by Nevada Supreme Court Rule 106(1). Additionally, as outlined by the district court, his Title IX claim and punitive damage requests[7] were not sufficiently alleged. *See Ashcroft v.Iqbal*, 556 U.S. 662, 677–79 (2009). Nor was his Nevada Fair Employment Practices Act claim,[8] which improperly included individual defendants in their individual capacities, *see Miller v. Maxwell's Intern. Inc.*, 991 F.2d 583, 587 (9th Cir. 1993); Nev. Rev. Stat. § 613.310(2), and failed to allege facts that Heyman's employer took "retaliatory and adverse action" against him on the basis of his "sex and/or gender," *see Iqbal*, 556 U.S. at 677–79. In other words, the employment discrimination claims were properly dismissed, not because of a failure to allege an employment relationship as the district court erroneously ruled, but because the other requisite allegations were conclusory and lacked the minimum factual detail necessary to state cognizable employment claims.

Nor did the district court err[9] in its summary judgment rulings. Heyman did not present sufficient evidence of an agreement among the defendants to sustain his

---

[6] Claims 18–25.

[7] Nev. Rev. Stat. § 41.035.

[8] Nev. Rev. Stat. § 613.330.

[9] *See Devereaux v. Abbey*, 263 F.3d 1070, 1074 (9th Cir. 2001) (en banc).

claims of civil conspiracy and concert of action.[10]  *See Dow Chem. Co. v. Mahlum*, 970 P.2d 98, 112 (Nev. 1998), *abrogated on other grounds by GES, Inc. v. Corbitt*, 21 P.3d 11, 14–15 (Nev. 2001) (per curiam); *see also FTC v. Publ'g Clearing House, Inc.*, 104 F.3d 1168, 1171 (9th Cir. 1997).  Nor was his negligence claim[11] properly alleged.  *See Clark Cnty. Sch. Dist. v. Payo*, 403 P.3d 1270, 1279 (Nev. 2017); *see also Devereaux*, 263 F.3d at 1076.

Summary judgment was proper as to defendants Curtis Love, Rhonda Montgomery, and Sarah Tanford for the claims relating to the publication of the alleged rumor.[12]  The record supports the district court's holding that Love's statements were privileged.  *See Circus Circus Hotels, Inc. v. Witherspoon*, 657 P.2d 101, 105 (Nev. 1983).  As to Montgomery and Tanford, the district court did not abuse its discretion[13] in excluding Merrick McKeig's affidavit regarding an alleged statement by Toni Repetti.  *See* Fed. R. Evid. 802; *Orr*, 285 F.3d at 778–79 & 779 n.27; *Weil v. Citizens Telecom Servs. Co., LLC*, 922 F.3d 993, 999 (9th Cir. 2019).

---

[10]  Claims 3, 4, and 31.

[11]  Claim 16 (investigation of rumor).

[12]  Claims 1–2, 5–9, 13, and 16.

[13]  *See Orr v. Bank of Am., NT & SA*, 285 F.3d 764, 773 (9th Cir. 2002).

The district court did not abuse its discretion[14] in ordering supplemental motions for summary judgment from the parties regarding certain claims[15] or in identifying potentially relevant case law. *See* Fed. R. Civ. P. 56(f). Additionally, the district court's finding that Heyman's separation from UNLV was unintentional is supported by the record, despite Heyman's speculation to the contrary. *See Nelson v. Pima Cmty. Coll.*, 83 F.3d 1075, 1081–82 (9th Cir. 1996).

There was a sound basis for the denial of Heyman's motion to disqualify defendant Montgomery's counsel, thus the district court did not abuse its discretion. *See Cohn v. Rosenfeld*, 733 F.2d 625, 631 (9th Cir. 1984); *see also* Nev. Rules of Pro. Conduct r. 1.18(c), (d).

Finally, the district court did not abuse its wide discretion in limiting Heyman to eleven depositions. *See Blackburn v. United States*, 100 F.3d 1426, 1436 (9th Cir. 1996); *see also Jeff D. v. Otter*, 643 F.3d 278, 289 (9th Cir. 2011); Fed. R. Civ. P. 30(a). Nor did it abuse its discretion[16] in sanctioning him for his

---

[14] *See Ready Transp., Inc. v. AAR Mfg., Inc.*, 627 F.3d 402, 404 (9th Cir. 2010).

[15] Claims 27–30.

[16] *See Facebook, Inc. v. Power Ventures, Inc.*, 844 F.3d 1058, 1070 (9th Cir. 2016).

unjustified noncompliance with its orders.  Fed. R. Civ. P. 37(b)(2); *id.* 16(f); *cf.*

*Henry v. Gill Indus., Inc.*, 983 F.2d 943, 948 (9th Cir. 1993).

We do not consider matters not specifically and distinctly raised and argued

in the opening brief.  *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009)

(per curiam).  We decline the request for judicial notice by the jointly-represented

defendants.  *See Flick v. Liberty Mut. Fire Ins. Co.*, 205 F.3d 386, 393 n.7 (9th Cir.

2000).

**AFFIRMED.**