**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

READY TRANSPORTATION, INC.;
AVAILABLE SHIPPERS, INC.; PROMPT
SHIPPERS, INC.; PREFERRED SHIPPERS,
INC.; QUICK TRANSPORTATION INC.,
          *Plaintiffs-Appellees*,

          v.

AAR MANUFACTURING, INC.; AAR
MOBILITY SYSTEMS,
          *Defendants-Appellants,*

          and

UNITED STATES OF AMERICA,
DEPARTMENT OF DEFENSE; DEFENSE
CONTRACT MANAGEMENT AGENCY,
          *Defendants.*

No. 08-16941

D.C. No.
2:06-cv-01053-
GEB-KJM

OPINION

Appeal from the United States District Court
for the Eastern District of California
Garland E. Burrell, Jr., District Judge, Presiding

Submitted October 6, 2010*
San Francisco, California

Filed November 30, 2010

Before: Stephen Reinhardt and Marsha S. Berzon,
Circuit Judges, and Louis H. Pollak, Senior District Judge.**

*The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

**The Honorable Louis H. Pollak, Senior United States District Judge
for the Eastern District of Pennsylvania, sitting by designation.

Opinion by Judge Pollak

---

**COUNSEL**

Hans U. Stucki and Jake Schmidt, Epstein, Becker & Green, Chicago, Illinois, for the defendants-appellants.

Timothy C. Riley, Pasadena, California, for the plaintiffs-appellees.

---

**OPINION**

POLLAK, District Judge:

Defendants-Appellants (collectively "AAR") appeal from the District Court's order denying a motion to strike from its docket a confidential settlement agreement filed by Plaintiffs-Appellees (collectively "Ready"). We reverse and remand for further proceedings.

I

Ready sued AAR and others, including the federal government, in a dispute, the precise nature of which is not pertinent to our inquiry here, over shipping agreements between the government and various defense contractors. All defendants except AAR were dismissed from the case in its early stages. Ready and AAR then settled their dispute under the terms of a confidential settlement agreement. They stipulated to dismissal of all claims except for a disagreement over attorney's fees. The District Court dismissed the balance of the case with

prejudice, and it "retain[ed] jurisdiction solely for the purpose of hearing and ruling upon Plaintiffs' application re legal entitlement to attorney's fees."

In support of its motion for fees, Ready attempted to file the confidential settlement agreement under seal, but the District Court denied the request and returned the document to Ready. Two days later, Ready filed the confidential settlement agreement on the public docket. AAR then filed a motion to strike the confidential settlement agreement. The District Court denied AAR's motion because the "parties' dispute over . . . the confidentiality of the settlement agreement" placed a motion to strike "outside the scope of the [Court's] retained jurisdiction." The fee dispute was later resolved by the District Court in AAR's favor, and timely cross-appeals were filed.

Presently, only the appeal related to the motion to strike remains, the other appeal having been dismissed.[1] Ready and AAR filed a joint motion for summary reversal of the order denying the motion to strike, but the Appellate Commissioner of this Court denied the joint motion without prejudice to raising the argument in briefing before a merits panel. Only AAR has filed briefs in this appeal, and there has been no renewed motion for summary reversal.

## II

In this case, we are asked whether a district court has the inherent power to strike an improperly filed confidential document. In the typical case, we review a district court's exercise of its inherent powers for an abuse of discretion.

---

[1]On June 11, 2009, pursuant to an order of the Clerk of this Court, the appeal in No. 08-16850 was "dismissed for failure to prosecute pursuant to Ninth Circuit Rule 42-1." This case, the remaining appeal, was declared "ready for calendaring and [would] be heard on the basis of defendants' brief alone" because no briefs were filed by the plaintiffs.

*Chambers v. NASCO, Inc.*, 501 U.S. 32, 55 (1991); *S. Cal. Edison Co. v. Lynch*, 307 F.3d 794, 807 (9th Cir. 2002). "The Supreme Court has held that a district court abuses its discretion when it makes an error of law," *United States v. Hinkson*, 585 F.3d 1247, 1261 (9th Cir. 2009) (en banc) (citing *Cooter & Gell Co. v. Hartmarx Corp.*, 496 U.S. 384, 405 (1990)), and we review questions of law de novo, *see, e.g.*, *Gen. Dynamics Corp. v. United States*, 139 F.3d 1280, 1283 (9th Cir. 1998).

Therefore, while a district court's decision to exercise its inherent power is reviewed for an abuse of discretion, whether a district court possessed that power is a question of law reviewed de novo. *See Unigard Sec. Ins. Co. v. Lakewood Eng'g & Mfg. Corp.*, 982 F.2d 363, 367 (9th Cir. 1992) (applying a similar dichotomy to the analysis of a district court's ability to exclude evidence under its inherent powers); *W. Sys., Inc. v. Ulloa*, 958 F.2d 864, 867 (9th Cir. 1992) (applying a similar dichotomy to the analysis of a district court's injunctive power). Because this case turns solely on the scope of the inherent power, and not an exercise thereof, our review is de novo.

## III

We conclude that the District Court had jurisdiction to grant the motion to strike pursuant to its inherent powers. The inherent powers are mechanisms for "control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Chambers*, 501 U.S. at 43 (citations omitted).

**[1]** "It is well established that '[d]istrict courts have inherent power to control their docket.' " *Atchison, Topeka & Santa Fe Ry. v. Hercules, Inc.*, 146 F.3d 1071, 1074 (9th Cir. 1998) (alteration in original) (quoting *Hernandez v. City of El Monte*, 138 F.3d 393, 398 (9th Cir. 1998)). This includes the power to strike items from the docket as a sanction for litiga-

tion conduct. *See, e.g.*, *Lazy Y Ranch Ltd. v. Behrens*, 546 F.3d 580, 586-87, 588 (9th Cir. 2008) (discussing, but declining to rule on, the ability of a district court to strike documents submitted as exhibits to a motion); *Hambleton Bros. Lumber Co. v. Balkin Enters., Inc.*, 397 F.3d 1217, 1224-26 (9th Cir. 2005) (upholding a district court's grant of a motion to strike deposition corrections and a declaration as a sanction when a party had violated Fed. R. Civ. P. 30(e)); *cf. Carrigan v. Cal. State Legislature*, 263 F.2d 560, 564 (9th Cir. 1959) (discussing an appellate court's inherent power to strike briefs and pleadings "as either scandalous, impertinent, scurrilous, and/or without relevancy"). Even though the District Court retained only limited jurisdiction over a portion of the suit, that did not deprive it of the ability to exercise its inherent powers "necessary to the exercise of all others," including the "power to impose silence, respect, and decorum." *Chambers*, 501 U.S. at 43.

Indeed, the inherent powers permit a district court to go as far as to dismiss entire actions to rein in abusive conduct. *See Atchison*, 146 F.3d at 1074 (recognizing inherent power to dismiss an action to sanction abusive conduct such as judge-shopping or failure to prosecute). It necessarily follows that, as part of its power to "manage [its] own affairs," *Chambers*, 501 U.S. at 43, a district court can use less drastic measures such as striking documents from the docket to address litigation conduct that does not warrant outright dismissal. *See id.* at 44-45 ("Because of their very potency, inherent powers must be exercised with restraint and discretion. A primary aspect of that discretion is the ability to fashion an appropriate sanction for conduct which abuses the judicial process." (citations omitted)); *Thompson v. Hous. Auth. of Los Angeles*, 782 F.2d 829, 830 (9th Cir. 1986) (per curiam) (requiring a district court to weigh, among other factors, "the availability of less drastic sanctions" before resorting to dismissal as a sanction); *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986) ("Dismissal is a harsh penalty and is to be imposed only in extreme circumstances."); *Anderson v. Air W., Inc.*, 542 F.2d

522, 525 (9th Cir. 1976) (upholding dismissal where a district court "concluded that 'no lesser measure would repair the damage plaintiff has done (to the defendants)' ").

[2] In light of the powers district courts possess to craft an appropriate sanction for litigation conduct and, as well, to determine what appears in the court's records, we therefore hold that the District Court erred when it concluded it was powerless to strike the confidential settlement agreement from the public docket.

IV

[3] Although AAR asks us to direct the District Court to strike the offending document, we decline to direct it to act one way or the other on the motion to strike because, in reaching its erroneous conclusion that it lacked power to grant the motion, the District Court did not actually exercise its discretion. We thus reverse the District Court's order and remand for the exercise of its sound discretion in consideration of the circumstances surrounding the filing of the confidential settlement agreement.

**REVERSED AND REMANDED.**