NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JUL 23 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff, v. RONALD B. STATON; BRENDA L. STATON, Defendants-Appellants, and NAVY FEDERAL CREDIT UNION; et al., Defendants, _____ LYLE S. HOSODA, Receiver-Appellee. | No. 18-16134 D.C. No. 1:12-cv-00319-ACK-KSC MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Hawaii
Helen W. Gillmor, District Judge, Presiding

Submitted July 15, 2019[**]

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Before:     SCHROEDER, SILVERMAN, and CLIFTON, Circuit Judges.

Ronald B. Staton and Brenda L. Staton appeal pro se from the district court's order denying their "emergency motion for injunction" and striking the Statons' notice of lis pendens in this judicial foreclosure action arising out of the Statons' failure to pay federal taxes. We have jurisdiction under 28 U.S.C. § 1291. We affirm.

The district court did not abuse its discretion by striking sua sponte the Statons' notice of lis pendens. *See Ready Transp., Inc. v. AAR Mfg., Inc.*, 627 F.3d 402-04 (9th Cir. 2010) (setting forth standard of review and noting the district court's "power to strike items from the docket as a sanction for litigation conduct"); *see also* Haw. Rev. Stat. § 507D-7(a) (describing process for expungement of improper liens).

The district court properly denied the Statons' "emergency motion for injunction" because the Statons failed to show that the foreclosure commissioner's detention of their personal property after the Statons failed to vacate their house pursuant to court orders was improper. *See Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008) (listing the requirements for the issuance of a preliminary injunction); *Graham v. Teledyne-Cont'l Motors, a Div. of Teledyne Indus., Inc.*, 805 F.2d 1386, 1388 (9th Cir. 1986) (standard of review).

In their opening brief, the Statons state that they also intended to appeal from the district court's order denying their "emergency motion to vacate order and writ of assistance" entered on May 11, 2018. We do not consider this order because the Statons failed to identify this order in their notice of appeal. *See* Fed. R. App. P. 3(c)(1)(B).

**AFFIRMED.**