**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUL 16 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

MICHAEL T. HAYES,

Plaintiff-Appellant,

v.

IDAHO CORRECTIONAL CENTER; et al.,

Defendants-Appellees.

No. 18-35841

D.C. No. 1:12-cv-00351-BLW

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Idaho
B. Lynn Winmill, District Judge, Presiding

Submitted July 14, 2020[**]

Before:    CANBY, FRIEDLAND, and R. NELSON, Circuit Judges.

Idaho state prisoner Michael T. Hayes appeals pro se from the district

court's summary judgment in his 42 U.S.C. § 1983 action alleging a First

Amendment claim arising out of the opening of his legal mail.  We have

jurisdiction under 28 U.S.C. § 1291.  We review de novo cross-motions for

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

summary judgment. *Hamby v. Hammond*, 821 F.3d 1085, 1090 (9th Cir. 2016). We affirm.

The district court properly granted summary judgment for defendant Burke because Hayes failed to raise a genuine dispute of material fact as to whether Burke personally participated in or caused the opening of his legal mail on December 28, 2010 and March 2, 2011. *See Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002) (liability under § 1983 requires personal participation by the defendant in the alleged rights deprivation); *see also Starr v. Baca*, 652 F.3d 1202, 1207-08 (9th Cir. 2011) (elements for supervisory liability under § 1983).

The district court did not abuse its discretion by striking Hayes's third amended complaint because Hayes did not seek and obtain leave of court to file an amended complaint as required by Federal Rule of Civil Procedure 15(a)(2). *See Ready Transp., Inc. v. AAR Mfg., Inc.*, 627 F.3d 402, 403-04 (9th Cir. 2010) (setting forth standard of review and explaining that a district court has inherent power to control its docket, including power to strike items from the docket); *see also* Fed. R. Civ. P. 15(a)(2) (explaining that a party may amend "only with the opposing party's written consent or the court's leave" when it cannot amend as a matter of course under Rule 15(a)(1)).

The district court did not abuse its discretion by denying Hayes's untimely motion for leave to amend his complaint because Hayes did not demonstrate good

cause for seeking amendment after the deadline to file motions to amend set forth in the Scheduling Order. *See Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607-09 (9th Cir. 1992) (setting forth standard of review and good cause standard).

**AFFIRMED.**