**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

DEC 9 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| RENE F. FERNANDEZ, | No. 18-17353 |
| Plaintiff-Appellant, | D.C. No. 2:16-cv-00812-JCM-NJK |
| v. | |
| ROMEO ARANAS, et al., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Nevada
James C. Mahan, District Judge, Presiding

Submitted December 2, 2020**

Before: WALLACE, CLIFTON, and BRESS, Circuit Judges.

René F. Fernández, a former Nevada state prisoner, appeals pro se from the

district court's summary judgment in his 42 U.S.C. § 1983 action alleging

deliberate indifference to his serious medical needs. We have jurisdiction under 28

U.S.C. § 1291. We review de novo, *Toguchi v. Chung*, 391 F.3d 1051, 1056 (9th

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\** The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

Cir. 2004), and we affirm.

The district court properly granted summary judgment because Fernández failed to raise a genuine dispute of material fact as to whether defendants were deliberately indifferent in their treatment of Fernández's high blood pressure. *See id.* at 1057-60 (a prison official is deliberately indifferent only if he or she knows of and disregards an excessive risk to inmate health; medical malpractice, negligence, or a difference of opinion about the course of treatment does not amount to deliberate indifference).

The district court did not abuse its discretion by striking the amended complaint because Fernández did not obtain leave of the court. *See* Fed. R. Civ. P. 15 (other than amending "as a matter of course," a plaintiff may amend his complaint "only with the opposing party's written consent or the court's leave"); *Ready Transp., Inc. v. AAR Mfg., Inc.*, 627 F.3d 402, 403-04 (9th Cir. 2010) (setting forth standard of review; explaining that a district court has inherent power to control its docket, including power to strike items from the docket).

We reject as without merit Fernández's contentions regarding discovery, expert testimony, or the district court's bias.

We do not consider matters not specifically and distinctly raised and argued in the opening brief. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**

18-17353