**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

MAR 22 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| KOLELA MPOYO, | No. 19-17562 |
| Plaintiff-Appellant, | D.C. No. 2:17-cv-04307-SPL |
| v. | MEMORANDUM[*] |
| FIS MANAGEMENT SERVICES, LLC, | |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the District of Arizona
Steven Paul Logan, District Judge, Presiding

Submitted March 16, 2021[**]

Before:    GRABER, R. NELSON, and HUNSAKER, Circuit Judges.

Kolela Mpoyo appeals pro se from the district court's summary judgment in

his action alleging federal claims related to the termination of his employment.

We have jurisdiction under 28 U.S.C. § 1291.  We review de novo.  *Diaz v. Eagle*

*Produce Ltd. P'ship*, 521 F.3d 1201, 1207 (9th Cir. 2008).  We affirm.

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

The district court properly granted summary judgment on Mpoyo's Genetic Information Nondiscrimination Act ("GINA") and Family and Medical Leave Act ("FMLA") claims because Mpoyo failed to raise a genuine dispute of material fact as to whether his genetic information was shared with defendant or whether he requested FMLA leave. *See* 42 U.S.C. § 2000ff(4) (defining "genetic information"), § 2000ff-1(a)(1) (requirements for a GINA claim); *Bachelder v. Am. W. Airlines, Inc.*, 259 F.3d 1112, 1125 (9th Cir. 2001) (employees must notify employers in advance when they plan to take FMLA-covered leave).

The district court properly granted summary judgment on Mpoyo's Americans with Disabilities Act ("ADA"), Age Discrimination in Employment Act ("ADEA"), and Title VII claims because Mpoyo failed to establish a prima facie case of discrimination on the basis of disability, age, or national origin. *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802-04 (1973) (setting forth burden-shifting framework under which plaintiff bears the initial burden to establish a prima facie case of discrimination); *Curley v. City of N. Las Vegas*, 772 F.3d 629, 632 (9th Cir. 2014) (*McDonnell Douglas* framework applies to ADA discrimination claim); *Diaz*, 521 F.3d at 1207 (*McDonnell Douglas* framework applies to ADEA discrimination claim).

The district court did not abuse its discretion by denying Mpoyo's motion for leave to amend his complaint because Mpoyo failed to show "good cause."

*Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607-09 (9th Cir. 1992) (setting forth standard of review and explaining that a plaintiff seeking amendment after the deadline set forth in the scheduling order must demonstrate good cause).

The district court did not abuse its discretion by striking Mpoyo's untimely opposition to the motion for summary judgment, or by denying Mpoyo's motion to strike the motion for summary judgment. *See United States v. $133,420.00 in U.S. Currency*, 672 F.3d 629, 637 (9th Cir. 2012) (setting forth standard of review); *Ready Transp., Inc. v. AAR Mfg., Inc.*, 627 F.3d 402, 404 (9th Cir. 2010) (district court has inherent power to control its docket, including power to strike items from the docket); *Bias v. Moynihan*, 508 F.3d 1212, 1223 (9th Cir. 2007) ("Broad deference is given to a district court's interpretation of its local rules.").

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**

19-17562