**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

AUG 23 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ANDREW J.J. WOLF, | No.   20-35600 |
| Plaintiff-Appellant, | D.C. No. 1:20-cv-00025-BLW |
| v. | |
| IDAHO STATE BOARD OF CORRECTION; et al., | MEMORANDUM* |
| Defendants-Appellees, | |
| and | |
| LEROY PENAKU, | |
| Defendant. | |

Appeal from the United States District Court
for the District of Idaho
B. Lynn Winmill, Chief District Judge, Presiding

Submitted August 19, 2021**

Before: GOODWIN, CANBY, and SILVERMAN, Circuit Judges.

Andrew J.J. Wolf, an inmate in the custody of the Idaho Department of

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Correction, appeals pro se the district court's judgment dismissing his action alleging violations of his First, Eighth, and Fourteenth Amendment rights pursuant to 42 U.S.C. § 1983 and various federal statutes and international standards while he was housed at the Idaho Maximum Security Institution and the Idaho State Correctional Institution. The district court struck Wolf's Second Amended Complaint for failure to comply with the page limit set out in Idaho General Order No. 342 and required by the court's previous order, screened and dismissed his Amended Complaint for failure to state a claim under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1), and dismissed the action with prejudice because of his failure to comply with the page limit required by the previous order. We have jurisdiction under 28 U.S.C. § 1291. We review de novo the district court's screening dismissal. *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012) (§1915(e)(2)(B)(ii)); *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000) (§ 1915A)). We affirm.

The district court properly dismissed any claims arising before December 16, 2017 as time barred. *See* Idaho Code § 5-219(4) (two-year statute of limitations for personal injury actions); *Soto v. Sweetman*, 882 F.3d 865, 871-72 (9th Cir. 2018) (state statutes of limitations for personal injury claims apply to § 1983 actions; federal law governs when a claim accrues, which is when the plaintiff knows or should know of the injury that forms the basis for his cause of action).

The district court properly dismissed Wolf's First Amendment claims because he failed to allege facts showing that defendant Stewart acted with a retaliatory intent in issuing a Disciplinary Offense Report or prevented him from filing a grievance. *See Brodheim v. Cry*, 584 F.3d 1262, 1269 (9th Cir. 2009) ("prisoners have a First Amendment right to file prison grievances"; explaining requirements of a First Amendment retaliation claim, including that a defendant took an adverse action against the inmate because of his protected conduct).

The district court properly dismissed Wolf's due process claim concerning his placement in administrative segregation because inmates lack a protected liberty interest in their housing or classification status. *See Sandin v. Connor*, 515 U.S. 472, 480 (1995) ("The Due Process Clause standing alone confers no liberty interest in freedom from state action taken 'within the sentence imposed.'" (citation omitted)); *Meachum v. Fano*, 427 U.S. 215, 225 (1976) (holding that an inmate lacked due process protections in his transfer between prisons, resulting in a reclassification to maximum security, because the transfer was "within the normal limits or range of custody which the conviction has authorized the State to impose").

The district court properly dismissed Wolf's due process claims concerning three Disciplinary Offense Reports issued in December 2017 and January 2018 because Wolf lacked a protected liberty interest in avoiding disciplinary action. *See*

3

*Sandin*, 515 U.S. at 486-87 (holding that 30-day segregation in disciplinary confinement "did not present the type of atypical, significant deprivation in which a State might conceivably create a liberty interest"; relevant factors included whether (1) disciplinary segregation was similar to discretionary forms of segregation such as administrative segregation, (2) a comparison with conditions in the general population showed that the plaintiff suffered no "major disruption in his environment"; and (3) the length of the plaintiff's sentence was unaffected).

The district court properly dismissed Wolf's Eighth Amendment claim concerning the conditions of confinement in administrative segregation because he did not allege conditions resulting in "the denial of the minimal civilized measure of life's necessities." *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (explaining requirements of an Eighth Amendment claim alleging unconstitutional conditions of confinement).

The district court properly dismissed Wolf's Eighth Amendment claim concerning the conditions of confinement on death row because Wolf is not a death row prisoner. *See Valley Forge Christian Coll. v. Ams. United for Separation of Church & State, Inc.*, 454 U.S. 464, 472 (1982) (explaining constitutional requirements of standing, including that the party invoking federal jurisdiction must have suffered an injury).

The district court properly dismissed Wolf's Eighth Amendment claim

alleging that defendants denied him medical care for cataracts because he failed to allege facts showing that defendants were deliberately indifferent to his serious medical needs. *Peralta v. Dillard*, 744 F.3d 1076, 1081 (9th Cir. 2014) (en banc) (explaining requirements of an Eighth Amendment claim alleging denial of medical care); *Pareto v. F.D.I.C.*, 139 F.3d 696, 699 (9th Cir. 1998) ("conclusory allegations of law and unwarranted inferences are not sufficient to defeat a motion to dismiss").

The district court properly dismissed Wolf's claims alleging violations of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, *et seq.*, and the Rehabilitation Act of 1973 ("RA"), 29 U.S.C. § 701, *et seq.*, because he did not allege that he was disabled or that defendants discriminated against him because of a disability. *See Armstrong v. Wilson*, 124 F.3d 1019, 1023 (9th Cir. 1997) (explaining requirements of prisoners' ADA and RA claims).

The district court properly dismissed Wolf's claims based on international standards and declarations because there is no such private right of action. *See, e.g.*, *Sosa v. Alvarez-Machain*, 542 U.S. 692, 734-35 (2004) (the Universal Declaration of Human Rights and International Covenant on Civil and Political Rights "did not [themselves] create obligations enforceable in the federal courts").

The district court properly dismissed the claims brought on behalf of others because Wolf, as a non-attorney, "has no authority to appear as an attorney for

5

others than himself." *C.E. Pope Equity Trust v. U.S.*, 818 F.2d 696, 697 (9th Cir. 1987). It properly dismissed Wolf's claims alleging violations of injunctive relief orders in a separate class action because any such violations must be challenged in that action.

The district court did not abuse its discretion in striking the Second Amended Complaint because Wolf failed to comply with the 20-page limit for pro se prisoner complaints in civil rights cases set forth in Idaho General Order No. 342 and required by the court's previous order. *See Ready Transp., Inc. v. AAR Mfg., Inc.*, 627 F.3d 402, 403-04 (9th Cir. 2010) (describing district court's inherent power to strike items from its docket; standard of review). Wolf's contentions that the page limit violates his rights to access the courts and to due process lack merit. *See Lewis v. Casey*, 518 U.S 343, 348, 354-55 (1996) (prisoners' First Amendment right to access the courts does not include the right to litigate effectively once in court); *Mathews v. Eldridge*, 424 U.S. 319, 332 (1976) (procedural due process protections attach to protected liberty or property interests within the meaning of the Fifth and Fourteenth Amendments).

The district court did not abuse its discretion in dismissing the action with prejudice because Wolf failed to comply with the page limit required by the court's previous order. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) ("District courts have the inherent power to control their dockets and, in the

exercise of that power they may impose sanctions including, where appropriate, dismissal of a case."; setting forth factors that courts should consider in deciding whether to dismiss with prejudice for failure to comply with a court order; standard of review).

**AFFIRMED.**