NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

OCT 22 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MARK MOON; ROBERT RUIZ; GARY FIGUEROA; JONATHAN TIEU; JOHNNY MARTINEZ; JULIO DORANTES; WALTER COLE; RONALD MCGREGOR; STEPHEN BARTOL, and others similarly situated, <br><br> Plaintiffs-Appellants, <br><br> v. <br><br> COUNTY OF ORANGE, a Governmental Entity; GTL, AKA GTL Holdings, Inc., A Corporation; DOES, 1-500, <br><br> Defendants-Appellees. | No.   20-56076 <br><br> D.C. No. 8:19-cv-00258-JVS-DFM <br><br><br> MEMORANDUM* |

Appeal from the United States District Court
for the Central District of California
James V. Selna, District Judge, Presiding

Submitted October 20, 2021**
Pasadena, California

Before:  KLEINFELD, R. NELSON, and VANDYKE, Circuit Judges.

---

\*       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Appellants are inmates in Orange County jails. They appeal the district court's dismissal with prejudice of their final complaint, which was amended six times, and the court's denial of their motion to modify. Appellants sued Orange County for alleged civil rights violations and COVID-related claims, as well as Global Tel*Link Corporation ("GTL"), which provides telephone services in Orange County's correctional facilities, for recording pro se case-related and attorney-client phone calls and sharing those calls with county prosecutors. We have jurisdiction under 28 U.S.C. § 1291 and affirm.

1.     The district court dismissed the claims against Orange County under Federal Rule of Civil Procedure 8, and we review for abuse of discretion. *McHenry v. Renne*, 84 F.3d 1172, 1177 (9th Cir. 1996). A district court should "consider the strength of a plaintiff's case . . . before determining whether dismissal with prejudice is appropriate." *Id.* at 1179 (citation omitted). Here, the district court considered the strength of Appellants' claims over the course of six complaints, multiple applications for TROs, and other motions, before dismissing with prejudice. The district court found that each version of the complaint was convoluted, conclusory, and devoid of sufficient facts to support its pleadings. The complaint made general statements asserting inmates' rights but failed to sufficiently allege facts, damages, and the relief sought. Appellants argue that the district court should have stricken the noncompliant parts of their complaints rather than dismiss, but doing so would

be impossible without forcing the court to construct their claims for them. *See Indep. Towers of Wash. v. Washington*, 350 F.3d 925, 929 (9th Cir. 2003) (court cannot "manufacture" arguments for appellants). The district court did not abuse its discretion by dismissing under Rule 8. *See id.*

2. We review the district court's order to strike claims against GTL for abuse of discretion in striking Appellants' claims against GTL. *See Ready Transp., Inc. v. AAR Mfg.*, 627 F.3d 402, 403–04 (9th Cir. 2010). Appellants' claims against GTL included violations of the California Constitution, the California Invasion of Privacy Act ("CIPA"), and common law for GTL's role in recording Appellants' phone calls. In a previous order, the district court dismissed with prejudice three claims because the criminal defense attorneys did not have standing to assert their clients' attorney-client privilege. Appellants continued to bring these claims without acknowledging that they had been dismissed with prejudice and did not timely appeal the previous orders. "[W]ithout question, successive complaints based upon propositions of law previously rejected may constitute harassment," *G.C. & K.B. Invs. v. Wilson*, 326 F.3d 1096, 1110 (9th Cir. 2003) (citation omitted), and the district court did not abuse its discretion.

3. The district court dismissed the rest of the amended claims against GTL for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). We review de novo and affirm. *Walker v. Beard*, 789 F.3d 1125, 1131 (9th Cir. 2015).

3                                                                                          20-56076

CIPA prohibits eavesdropping or recording, without permission and with an electronic device, the conversations between a person in custody of law enforcement and that person's attorney, as well as the willful disclosure of telephone communications by nonparties to those communications without permission. Cal. Penal Code §§ 636–637.2; "If a call is determined to be an attorney and inmate confidential phone call, in order for the inmate to place or receive the call it must have already received approval or clearance . . . ." 15 Cal. Code Regs. § 3282(g).

The district court dismissed Appellants' jail-call claims because they "did not allege that prisoners whose phone calls were recorded had received approval for those calls to be confidential under California regulations." We agree that Appellants failed to plead that these calls had been determined and approved by the defendants to be calls that should be confidential. The only pleading that claimed to have received permission from the defendants for jail calls to be on the "Do Not Record" list was a stricken claim by one of the criminal-defense attorneys. Although the pro se inmates asserted they had court orders permitting them to have confidential calls, they did not provide the court orders. Further, Appellants never pled facts showing that their specific attorney-client calls were shared with prosecutors. Appellants failed to state a claim upon which relief could be granted, and without sufficient pleading, we will not certify a question to the California Supreme Court.

4.    The district court denied Appellants leave to amend, which we review

for abuse of discretion.  *Walker*, 789 F.3d at 1131.  Though Appellants provide case law that explains how a district court may abuse its discretion by denying leave to amend, they do not explain how the district court here abused its discretion or how they would remedy the defects if given yet another opportunity to amend.  Their only analysis is that "[l]eave to amend or severance might also be correct."  Thus, Appellants abandoned their challenge to the denial of leave to amend by failing to support it with argument and analysis.  *See Crime Just. & Am., Inc. v. Honea*, 876 F.3d 966, 978–79 (9th Cir. 2017).

5.  Finally, the district court denied Appellants' motion to modify, which asked the court to sever Appellants' individual damage claims and to order Orange County to post that it would provide religious access, reinstate family visits, and improve its grievance system.  We review the denial of a motion to alter or amend judgment for abuse of discretion.  *EHM Prods. v. Starline Tours of Hollywood, Inc.*, 1 F.4th 1164, 1170–71 (9th Cir. 2021).  Appellants' motion to modify sought to appeal the dismissal with prejudice of Appellants' complaint, as well as their previous applications for temporary restraining orders, without argument or support.  The court ruled within its discretion.

**AFFIRMED.**

5                                    20-56076