NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

MAR 23 2022

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

JOSEPH ANTONETTI,

                Plaintiff-Appellant,

  v.

FILSON; et al.,

              Defendants-Appellees.

No. 20-16795

D.C. No. 3:17-cv-00605-MMD-CLB

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Nevada
Miranda M. Du, District Judge, Presiding

Submitted March 16, 2022[**]

Before:    SILVERMAN, MILLER, and BUMATAY, Circuit Judges.

     Nevada state prisoner Joseph Antonetti appeals pro se from the district

court's summary judgment in his 42 U.S.C. § 1983 action alleging federal and state

law claims. We have jurisdiction under 28 U.S.C. § 1291. We review de novo.

*Toguchi v. Chung*, 391 F.3d 1051, 1056 (9th Cir. 2004). We affirm.

---

     [*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

     [**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

The district court properly granted summary judgment on Antonetti's deliberate indifference claims regarding his medical diet, pain medication, and leg restraints because Antonetti failed to raise a genuine dispute of material fact as to whether defendants were deliberately indifferent to his serious medical needs. *See id.* at 1057-60 (a prison official is deliberately indifferent only if he or she knows of and disregards an excessive risk to the prisoner's health; medical malpractice, negligence, or a difference of opinion concerning the course of treatment does not amount to deliberate indifference).

The district court properly granted summary judgment on Antonetti's claim regarding the right to send mail because Antonetti failed to raise a triable dispute as to whether defendants interfered with the sending of his mail. *See Witherow v. Paff*, 52 F.3d 264, 265 (9th Cir. 1995) (per curiam) (discussing First Amendment right to send and receive mail).

The district court properly granted summary judgment on Antonetti's due process claim regarding his confinement in administrative segregation because Antonetti failed to raise a triable dispute as to whether he was denied any procedural protections that were due. *See Toussaint v. McCarthy*, 801 F.2d 1080, 1100-01 (9th Cir. 1986), *abrogated in part on other grounds by Sandin v. Conner*, 515 U.S. 472 (1995) (setting forth due process requirements for placement in administrative segregation and continued segregated confinement); *see also*

*Sandin*, 515 U.S. at 483-84 (a constitutionally protected liberty interest arises only when a restraint imposes an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life").

The district court properly granted summary judgment on Antonetti's retaliation claim regarding the handling of his mail and his placement in administrative segregation because Antonetti failed to raise a triable dispute as to whether defendants took an adverse action against him because of his protected conduct. *See Brodheim v. Cry*, 584 F.3d 1262, 1269 (9th Cir. 2009) (elements of a First Amendment retaliation claim in the prison context).

The district court properly dismissed Antonetti's other federal claims because Antonetti failed to allege facts sufficient to state a plausible claim. *See Hebbe v. Pliler*, 627 F.3d 338, 341-42 (9th Cir. 2010) (although pro se pleadings are liberally construed, a plaintiff must allege facts sufficient to state a plausible claim).

The district court did not abuse its discretion by denying Antonetti's motion for a further extension of time to amend his complaint. *See Ready Transp., Inc. v. AAR Mfg., Inc.*, 627 F.3d 402, 404 (9th Cir. 2010) (setting forth standard of review and explaining that a district court has inherent power to control its docket).

The district court did not abuse its discretion by denying Antonetti's motions to compel because Antonetti did not comply with the federal and local rules or the

district court's scheduling order. *See Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002) (setting forth standard of review and explaining that the district court is vested with broad discretion to permit or deny discovery).

The district court did not abuse its discretion by denying Antonetti's motion for appointment of counsel because Antonetti failed to demonstrate exceptional circumstances. *See Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (setting forth standard of review and "exceptional circumstances" requirement for appointment of counsel).

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**