**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

APR 20 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| DONALD L. CALVIN, <br><br>         Plaintiff-Appellant, <br><br>   v. <br><br> BILL ELFO, Sheriff, Whatcom County; WENDY JONES, Chief Corrections Officer, Whatcom County Jail; ANDREWS, AKA Anders, Doctor, Whatcom County Jail; OTTEN, Deputy, Whatcom County Jail; LLOYD, Deputy, Whatcom County Jail; KEELY, AKA Keeley, Deputy, Whatcom County Jail; CHARROIN, Deputy, Whatcom County Jail, <br><br>         Defendants-Appellees. | No. 21-35288 <br><br> D.C. No. 2:20-cv-00866-RSM <br><br> MEMORANDUM* |

Appeal from the United States District Court
for the Western District of Washington
Ricardo S. Martinez, District Judge, Presiding

Submitted April 11, 2022**

Before:     McKEOWN, CHRISTEN, and BRESS, Circuit Judges.

---

    *     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

    **     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Washington state prisoner Donald L. Calvin appeals pro se from the district court's summary judgment in his 42 U.S.C. § 1983 action alleging deliberate indifference to his serious medical needs. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Albino v. Baca*, 747 F.3d 1162, 1168 (9th Cir. 2014) (en banc). We affirm.

The district court properly granted summary judgment because Calvin's 2016 and 2017 claims are barred by the statute of limitations and because Calvin was required to exhaust administrative remedies before filing his 2018 claims, failed to do so, and failed to raise a genuine dispute of material fact as to whether administrative remedies were effectively unavailable to him. *See Wallace v. Kato*, 549 U.S. 384, 387 (2007) (federal courts in § 1983 actions apply the state statute of limitations from personal injury actions and borrow applicable tolling provisions from state law); *Kimes v. Stone*, 84 F.3d 1121, 1128 (9th Cir. 1996) (a claim accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action); *Bagley v. CMC Real Estate Corp.*, 923 F.2d 758, 760 (9th Cir. 1991) (statute of limitations for personal injury actions in Washington is three years); *see also Woodford v. Ngo*, 548 U.S. 81, 90 (2006) ("[P]roper exhaustion of administrative remedies . . . means using all steps that the agency holds out, and doing so properly (so that the agency addresses the issues on the merits)." (citation and internal quotation marks omitted)).

2

The district court did not abuse its discretion in striking Calvin's late opposition to summary judgment or his motion to compel the release of documents. *See Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 895-97 (1990) (setting forth standard of review and circumstances under which to excuse untimeliness); *Ready Transp., Inc. v. AAR Mfg., Inc.*, 627 F.3d 402, 404 (9th Cir. 2010) (explaining that a district court has inherent power to strike motions to control its docket).

We do not consider arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009). Nonetheless, we have considered these documents and we conclude that they are without merit.

Calvin's motion to compel is denied.

**AFFIRMED.**

21-35288