NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

APR 26 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

WILLIAM J. MYERS, Jr.,

　　　　　Plaintiff-Appellant,

　v.

NEIL V. WAKE, Senior United States
District Judge,

　　　　　Defendant-Appellee.

No. 22-16379

D.C. No. 2:22-cv-00631-SMM-MTM

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Arizona
Stephen M. McNamee, District Judge, Presiding

Submitted April 17, 2023[**]

Before:　　CLIFTON, R. NELSON, and BRESS, Circuit Judges.

　　　William J. Myers, Jr., appeals pro se from the district court's order

dismissing for lack of subject matter jurisdiction his action alleging various claims

arising out of two prior actions.  We have jurisdiction under 28 U.S.C. § 1291.  We

review de novo.  *Carolina Cas. Ins. Co. v. Team Equip., Inc.*, 741 F.3d 1082, 1086

---

　　　[*]　　This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

　　　[**]　　The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

(9th Cir. 2014). We affirm.

The district court properly dismissed Myers's action because Myers failed to establish federal subject matter jurisdiction. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 89 (1998) (explaining that an action may be dismissed for lack of subject-matter jurisdiction where the alleged federal claim is "wholly insubstantial and frivolous" or "otherwise completely devoid of merit as not to involve a federal controversy" (citations omitted)); *Franklin v. State of Or., State Welfare Div.*, 662 F.2d 1337, 1342 (9th Cir. 1981) (recognizing that a district court may dismiss an action sua sponte for lack of jurisdiction, even before issuing a summons); *see also Stump v. Sparkman*, 435 U.S. 349, 356 (1978) (explaining that judges are immune for their judicial acts, even if "alleged to have been done maliciously or corruptly," unless taken in the "clear absence of all jurisdiction").

Because we affirm the district court's dismissal for lack of subject matter jurisdiction, we do not consider Myers's contentions regarding the merits of his claims.

The district court did not abuse its discretion by striking Myers's amended complaint, which was filed after the action was dismissed, or by allegedly rejecting Myers's motion for reconsideration after having previously instructed the clerk to reject any further filings in the case, except in furtherance of an appeal. *See Ready Transp., Inc. v. AAR Mfg., Inc.*, 627 F.3d 402, 404 (9th Cir. 2010) (setting forth

22-16379

standard of review and explaining that federal district courts have the "inherent power to control their docket" (citations and internal quotation marks omitted)).

We reject as unsupported by the record Myers's contentions that the district court was biased against him, acted improperly, or denied him due process.

All pending motions are denied.

**AFFIRMED.**