NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| In re: DALE SUNDBY,<br><br>           Trustee.<br>_____<br><br>DALE SUNDBY, Trustee,<br><br>           Plaintiff-Appellant,<br><br>  v.<br><br>MARQUEE FUNDING GROUP, INC.; et al.,<br><br>           Defendants-Appellees. | No.   23-55659<br><br>D.C. Nos.<br>3:19-cv-00390-GPC-AHG<br>3:21-cv-02013-GPC-AHG<br><br><br>MEMORANDUM[*] |
| DALE SUNDBY,<br><br>           Plaintiff - Appellee,<br><br>  v.<br><br>JEFFREY MYERS; et al.,<br><br>           Defendants - Appellees,<br><br>  v.<br><br>EDITH LITTLEFIELD SUNDBY, | No. 24-865<br><br>D.C. No.<br>3:21-cv-02013-GPC-AHG |

_____

      [*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Proposed Intervenor-Plaintiff,

Movant - Appellant.

DALE SUNDBY; EDITH LITTLEFIELD SUNDBY,

Plaintiffs - Appellants,

v.

MARQUEE FUNDING GROUP, INC.; et al.,

Defendants - Appellees.

No. 24-1027

D.C. No.
3:19-cv-00390-GPC-AHG

Appeals from the United States District Court
for the Southern District of California
Gonzalo P. Curiel, District Judge, Presiding

Submitted June 18, 2025[**]

Before:     CANBY, S.R. THOMAS, and SUNG, Circuit Judges.

Dale Sundby appeals pro se from the district court's judgments dismissing these consolidated actions in which Dale Sundby, in his individual capacity and as trustee of the Dale H. Sundby and Edith Littlefield Sundby Trust No. 1989-1 dated January 26, 1989 (the "Trust"), brought claims relating to the refinancing of a property in La Jolla, California. Edith Sundby separately appeals pro se from the

---

[**]    The panel unanimously concludes these cases are suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

district court's striking of her motions to intervene in Case No. 21-cv-02013. We have jurisdiction under 28 U.S.C. § 1291. We affirm.

The district court did not abuse its discretion in dismissing Case No. 19-cv-00390 as to Dale Sundby as trustee because Dale Sundby failed to comply with the district court's orders to obtain legal representation for the Trust despite multiple warnings that failure to do so would result in dismissal. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (setting forth standard of review, factors to consider in determining whether to dismiss under Fed. R. Civ. P. 41(b) for failure to comply with a court order, and explaining that this court may review the record independently if the district court does not make explicit findings to show its consideration of the factors); *see also Sundby v. Marquee Funding Grp., Inc.*, No. 21-55504, 2022 WL 4826445, at *1 (9th Cir. Oct. 3, 2022) (vacating judgment and remanding this case "to the district court to afford the trust an opportunity to obtain legal representation and to develop facts to determine in the first instance whether Sundby is the beneficial owner of the trust or whether the trust transferred any interests to Sundby").

In light of our disposition, we do not consider Dale Sundby's challenges to the district court's interlocutory orders in Case No. 19-cv-00390. *See Al-Torki v. Kaempen*, 78 F.3d 1381, 1386 (9th Cir. 1996) (where dismissal was a sanction, interlocutory orders are not appealable).

The district court properly dismissed Case No. 21-cv-02013 as moot because it was impossible to grant relief on the action after Case No. 19-cv-00390 was dismissed. *See Rocky Mountain Farmers Union v. Corey*, 913 F.3d 940, 949 (9th Cir. 2019) (setting forth standard of review); *Am. Rivers v. Nat'l Marine Fisheries Serv.*, 126 F.3d 1118, 1123 (9th Cir. 1997) ("A federal court does not have jurisdiction to give opinions upon moot questions or abstract propositions, or to declare principles or rules of law which cannot affect the matter in issue in the case before it." (citation and internal quotation marks omitted)).

The district court properly denied Dale Sundby and Edith Sundby's post-judgment motion to intervene in Case No. 19-cv-00390 for lack of jurisdiction. *See Citizens for Balanced Use v. Mont. Wilderness Ass'n*, 647 F.3d 893, 896 (9th Cir. 2011) (setting forth standard of review); *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982) (holding that the filing of a notice of appeal "divests the district court of its control over those aspects of the case involved in the appeal").

The district court did not abuse its discretion in striking Edith Sundby's motions to intervene in Case No. 21-cv-02013 because they were filed after judgment was entered and the case was closed. *See Ready Transp., Inc. v. AAR Mfg., Inc.*, 627 F.3d 402, 404 (9th Cir. 2010) (setting forth standard of review and holding that district courts have the inherent power to control their docket,

4                                              23-55659, 24-865 & 24-1027

including the power to strike filings from the docket).

Dale Sundby's motion (Docket Entry No. 23 in No. 23-55659) to expedite these appeals is denied as moot.

**AFFIRMED.**